DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2049
Fax: (831) 454-2115

**Attorney for Defendants County of Santa Cruz
and Steve Robbins**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC VALDIVIA,<br><br>     Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ; STEVE ROBBINS; TEN UNKNOWN CORRECTIONAL OFFICERS; TEN UNKNOWN OTHER COUNTY EMPLOYEES,<br><br>     Defendants. | Case No. C08 00916 JF<br><br>**DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**(FRCP 12(b))**<br><br>**Date:    June 27, 2008**<br>**Time:    9:00 a.m.**<br>**Dept:    3 (Hon. Jeremy Fogel)** |

    TO PLAINTIFF ISAAC VALIDVIA AND HIS ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that on June 27, 2008, at 9:00 a.m. or as soon thereafter as the motion may be heard in Courtroom 3 of the above-referenced court, defendants County of Santa Cruz and Steve Robbins will move the Court for an order dismissing plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b).  This is an amended notice of motion, only changing the date of the hearing.  The basis for this motion is that plaintiff did not exhaust his administrative remedies prior to filing his complaint.  (*Booth v. Churner* (2001) 532 U.S. 731.)

1    This motion is based on this amended notice of motion and motion, the accompanying

2    memorandum of points and authorities, the Declaration of Len Lofano (which is already on file with

3    the Court as Docket No. 8), and any other matter the court deems proper to review at the hearing of

4    this motion.

5

6    Dated:  May 12, 2008                          DANA McRAE, COUNTY COUNSEL

7

8    By:  _____/S/_____

         JASON M. HEATH

9        **Assistant County Counsel**

         **Attorneys for Defendants County of Santa**

10       **Cruz and Steve Robbins**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Isaac Valdivia alleges that he was assaulted by other inmates while he was incarcerated at the Santa Cruz County Main Jail. Plaintiff alleges three claims against defendants County of Santa Cruz and Sheriff Steve Robbins ("the County"): 1) that correctional staff failed to protect plaintiff and/or prevent the assault from taking place; 2) that correctional staff failed to provide plaintiff with appropriate medical care after the assault; and 3) that the County failed to provide adequate supervision and training to correctional staff. (*See* Complaint, ¶¶ 36-48.) As set forth below, the court should dismiss plaintiff's complaint because he did not exhaust his administrative remedies prior to filing the complaint.

## ARGUMENT

## I.

## PLAINTIFF DID NOT COMPLY WITH ADMINISTRATIVE EXHAUSTION REQUIREMENTS PRIOR TO FILING HIS COMPLAINT

Plaintiff's complaint concerns conditions of confinement in jail. As such, he is required to exhaust administrative remedies prior to filing it. Here, plaintiff failed to exhaust his administrative remedies, as detailed in the Declaration of Len Lofano filed with this motion. Thus, plaintiff's complaint is not ripe and it is subject to dismissal under the Prison Litigation Reform Act of 1995 ("PLRA") and *Booth v. Churner* (2001) 532 U.S. 731.

The PLRA amended 42 U.S.C. section 1997e so as to require exhaustion of administrative remedies under all circumstances in section 1983 actions brought by prisoners:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (42 U.S.C., § 1997e(a); *Booth, supra*, 532 U.S. at 736.)

In *Booth*, the Supreme Court examined this provision and noted that the amendment "eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be 'plain, speedy and effective' before exhaustion could be required." (*Booth, supra*, 532

1   U.S. at 738.)  The Court stated that Congress "mandated exhaustion clearly enough, regardless of the
2   relief offered through administrative procedures."  (*Id.* at 741.)  In conclusion, the Court held that a
3   prisoner must exhaust available administrative remedies when seeking money damages, even if the
4   prison grievance procedure permits no monetary relief.  (*Id.* at 736-737.)

5        Non-exhaustion under section 1997e(a) is an affirmative defense that should be treated as a
6   matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion
7   for summary judgment."  (*Wyatt v. Terhune* (9th Cir. 2003) 315 F.3d 1108, 1119.)  In deciding a
8   motion to dismiss for failure to exhaust administrative remedies under section 1997e(a), the court
9   may look beyond the pleadings and decide disputed issues of fact.  (*Id.* at 1119-1120.)  If the court
10  concludes that the inmate has not exhausted the appropriate administrative process, the proper
11  remedy is dismissal without prejudice.  (*Id.* at 1120.)

12       Based on these legal principles, numerous courts have held that in an action involving prison
13  or jail conditions, if a plaintiff did not exhaust his administrative remedies, the case must be
14  dismissed.  (*See, e.g., McKinney v. Carey* (9th Cir. 2002) 311 F.3d 1198, 1199-1201; *Banks v. San*
15  *Francisco Sheriff's Department* (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 31926, at *4-7; *Mason v.*
16  *County of San Mateo* (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 1223, at *3-12; *Howse v. Walker*
17  (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 5007, at *2-18.)

18       Here, the Santa Cruz County Corrections Bureau provides inmates with an Inmate Grievance
19  Procedure that includes a comprehensive administrative appeals process.  (Declaration of Len
20  Lofano ("Lofano Decl."), ¶¶ 2-3, Exhs. A, B.)  The point of this process is to establish an effective
21  way for an inmate to resolve issues relating to conditions of confinement, including but not limited
22  to medical care, classification, disciplinary action, etc.  (Lofano Decl., ¶ 2.)  Under this process, an
23  inmate may file a grievance against any act or procedure of the Corrections Bureau.  After an inmate
24  has completed and signed a grievance form, it is forwarded to any duty officer for review (this is the
25  first level of review).  If possible, the duty officer is to meet with the inmate to discuss the grievance.
26  If the duty officer is able to resolve the issue, it is handled at the first level of review.  The duty
27  officer writes the resolution of the grievance on the reverse side of the inmate grievance form and

28

1  forwards it to their Supervising Correctional Officer for review.  That person then forwards the form

2  to the Watch Commander for review.  (*Id.*)

3      Under the Inmate Grievance Procedure, there are several levels of review available if an

4  inmate is dissatisfied with the handling of the grievance.  (Lofano Decl., ¶ 3.)  Inmates who disagree

5  with resolutions or responses to grievances may appeal to the next level of supervision.  If the duty

6  officer is unable to resolve an inmate grievance at the first level of review, the duty officer forwards

7  the grievance to the Supervising Correctional Officer for review (this is the second level of review).

8  If the Supervising Correctional Officer is unable to resolve the grievance, that person forwards it to

9  the Watch Commander for review (this is the third level of review).  If the grievance is serious in

10 nature or related to potential violations of the provisions set forth in Title 15 of the California Code

11 of Regulations related to Jail Operations, any inmate dissatisfied with the Watch Commander's

12 resolution of a grievance may appeal to the Jail Commander (Jail Lieutenant) for a fourth level of

13 review.  If the inmate is dissatisfied with the Jail Commander's review, the inmate may appeal to the

14 Facility Manager (Corrections Bureau Chief Deputy) for a fifth (and final) level of review.  (*Id.*)

15     In this case, Chief Deputy Len Lofano personally reviewed plaintiff's file and determined

16 that plaintiff never filed a grievance alleging that correctional staff failed to protect him from the

17 assault by other inmates on March 18, 2006, or any other grievance based on the fact that the assault

18 took place.  In addition, plaintiff never filed a grievance alleging that correctional staff failed to

19 provide him with adequate medical care or ignored his requests that he receive medical care, and

20 never filed a grievance alleging improper training or supervision of correctional staff.  (Lofano

21 Decl., ¶¶4-5.)  Plaintiff did file several grievances concerning the quality of medical care he was

22 receiving from *medical staff* at the Main Jail; however, each grievance was responded to in due

23 course, and plaintiff never appealed any of the grievances to the Watch Commander, the Jail

24 Commander, or the Facility Manager (third, fourth, and fifth levels of review).  (Lofano Decl., ¶ 6,

25 Exhs. C-H.)[1]

26

27 _____

28 [1] It is important to note that plaintiff's complaint does not allege a cause of action against *medical staff* at the Main Jail for failure to provide appropriate medical treatment.

Valdivia v. County of Santa Cruz, et al.                          AMENDED Notice of Motion and Motion To Dismiss
Case No. C08 00916 JF

1    It is clear that plaintiff did not exhaust his administrative remedies prior to filing his

2  complaint in this case.  He never filed a grievance complaining about correctional staff's failure to

3  protect him, denial of medical care, or that correctional staff was not trained or supervised properly.

4  The grievances he did file complaining about the quality of care he was receiving from the medical

5  staff were never appealed.  Thus, it is clear that the complaint should be dismissed.

6                                    <u>CONCLUSION</u>

7    Plaintiff failed to exhaust his administrative remedies prior to filing his complaint.

8  Accordingly, defendants County of Santa Cruz and Steve Robbins respectfully request that this

9  Court dismiss plaintiff's complaint.

10

11  Dated:  May 12, 2008                    DANA McRAE, COUNTY COUNSEL

12

13                                 By:  _____/S/_____
                                           JASON M. HEATH
14                                         **Assistant County Counsel**
                                           **Attorneys for Defendants County of Santa**
15                                         **Cruz and Steve Robbins**

16

17

18

19

20

21

22

23

24

25

26

27

28