DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2049
Fax: (831) 454-2115

**Attorney for Defendants County of Santa Cruz and Steve Robbins**

KATE WELLS, State Bar No. 107051
2600 Fresno Street
Santa Cruz, California 95062
Telephone: (831) 479-4475
Facsimile: (831) 479-4476
Email: lioness@got.net

AARON LODGE, CSB #220670
1414 Soquel Avenue, Suite 212
Santa Cruz, Californa 95062
(831) 600-3030, FAX: (831) 603-4300
alodge@teachjustice.com

**Attorneys for Plaintiff Isaac Valdivia**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC VALDIVIA,<br><br>    Plaintiff,<br><br>v.<br><br><br>COUNTY OF SANTA CRUZ; STEVE ROBBINS; TEN UNKNOWN CORRECTIONAL OFFICERS; TEN UNKNOWN OTHER COUNTY EMPLOYEES,<br><br>    Defendants. | Case No. C08 00916 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT**<br><br>**Date:** June 27, 2008<br>**Time:** 10:30 a.m.<br>**Dept:** 3 |

Valdivia v. County of Santa Cruz, et al.   Joint Case Management Conference Statement
Case No. C08 00916 JF

-1-

The parties hereby submit the following Joint Case Management Conference Statement and FRCP Rule 26(f) report.

1. <u>Jurisdiction and Service</u>:

The parties agree this Court has Federal Question subject matter jurisdiction over this civil rights case and that it is properly venued in San Jose based on the fact that the case is based on events that took place in Santa Cruz. Defendants County of Santa Cruz and Steve Robbins are the only defendants that have been served.

2. <u>Facts</u>:

Plaintiff alleges that while incarcerated in the Santa Cruz County Main Jail, he asked unnamed correctional officers to not house him with active gang members because he had renounced his gang membership and was no longer associated with any gang. Plaintiff alleges that despite his requests, he was housed with active gang members and that he was subsequently assaulted by them. Plaintiff alleges that defendants were aware of the specific risk to plaintiff that, as an ex-gang member, he would be attacked by the active gang members. Plaintiff alleges that he suffered severe and permanent injuries in the assault and that thereafter unnamed correctional officers knowingly failed and/or refused to provide him with medical care for his injuries thereby exacerbating the harm.

Defendants deny any and all allegations that impute them with wrongdoing or liability in this case. Specifically, defendants dispute that plaintiff warned defendants that he was in danger and dispute that they failed to protect plaintiff. Defendants also dispute that they failed to provide plaintiff with adequate medical care.

3. <u>Legal Issues</u>:

Plaintiff asserts that defendants are liable for a violation of the Eighth Amendment for a failure to protect plaintiff from harm and for failing to provide him with adequate medical care. Plaintiff also asserts that defendants County and Sheriff Steve Robbins are liable for a failure to train and supervise their employees and are liable under *Monell* principles.

Defendants assert that they at all times complied with the law and are not liable for any wrongdoing in this case.

///

4. <u>Motions:</u>

Defendants' motion to dismiss based on *Booth v. Churner* is pending. Should the case get past the pleadings stage, defendants anticipate filing a motion for summary judgment/adjudication.

5. <u>Amendment of Pleadings:</u>

The parties do not anticipate amendment of their respective pleadings at this time.

6. <u>Evidence Preservation:</u>

The parties stipulate and agree to take appropriate steps to preserve evidence to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voicemails, and other electronically recorded material that may reasonably lead to the discovery of admissible evidence in this matter.

7. <u>Disclosures:</u>

Both parties have complied with the initial disclosure requirements by providing each other with the names and contact information for witnesses, documents, and insurance information if relevant.

8. <u>Discovery:</u>

The parties have not conducted any discovery to date. The parties have met and conferred and developed the following discovery plan as required by Fed. R. Civ. P. 26(f)(3):

(a) *Initial Disclosures*:

No changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties have complied with the initial disclosure requirements.

(b) *Scope of Anticipated Discovery*:

Discovery in this case is expected to include, but not necessarily be limited to, the following subjects:

    i. Plaintiff's history as a gang member and criminal background.

    ii. Any communications between plaintiff and defendants that would either support, or negate, his allegations in this case.

    iii. The details of the assault at issue in this case.

    iv. The details of the medical care received by plaintiff after the assault.

(c) *Proposed Limitations Or Modifications Of The Discovery Rules*:

The parties do not request any limitations or modifications of the discovery rules at this time.

(d) *Proposed Discovery Plan*:

Defendants intend to serve plaintiff with requests for admission, special interrogatories, and a request for production of documents. Defendants intend to depose plaintiff and any witnesses to the assault at issue in this case. Plaintiffs intend to discover the identities of the defendants now named as Does in the action and will likely depose those who were witnesses to the incidents.

9. Class Action:

Not applicable.

10. Related Cases:

The parties are unaware of any related cases or proceedings.

11. Relief:

Plaintiff seeks general and special damages and an award of attorney's fees and costs. Defendants seek a judgment dismissing this action with prejudice and an award of its costs, expenses and attorneys' fees incurred in this action.

12. Settlement and ADR:

The County is amenable to mediation provided through the Court's ADR program. Plaintiff would prefer an early settlement conference.

13. Consent to Magistrate Judge for All Purposes:

The County requests that this case remain with Judge Fogel. Plaintiff is amenable to having a magistrate assigned to the case.

14. Other References:

None.

15. Narrowing of Issues:

None at this time.

///

Valdivia v. County of Santa Cruz, et al.                                      Joint Case Management Conference Statement
Case No. C08 00916 JF

-4-

16. Expedited Schedule:

The parties request that this case proceed under normal timelines.

17. Scheduling:

The parties request that the Court wait to schedule the cut-off dates in this action until the pleadings are resolved and the case is at issue.  In the alternative, the parties suggest the following dates:

    a) Expert disclosure should be July 1, 2009.

    b) All discovery should be completed by August 17, 2009.

    c) The last day for hearings on dispositive motions should be September 21, 2009.

    d) The pretrial conference should be October 19, 2009.

    e) Trial should commence November 2, 2009.

18. Trial:

Plaintiff has demanded a trial by jury in this case.  The parties estimate the trial will last between four and six court days.

19. Disclosure of Non-Party Interested Entities or Persons:

Defendant Steve Robbins has filed a Certification under Local Rule 3-16(b)(3).  Because the County is a government agency, Rule 3-16 does not apply to it.

20. Other Matters:

None.

Dated:  June 17, 2008                     DANA McRAE, COUNTY COUNSEL

By: _____/s/_____
    JASON M. HEATH
    **Assistant County Counsel**
    **Attorneys for Defendants County of Santa Cruz and Steve Robbins**

Dated: June 17, 2008                      LAW OFFICES OF KATE WELLS

By: _____/s/_____
    KATE WELLS
    **Attorneys for Plaintiff Isaac Valdivia**