1  DANA McRAE, State Bar No. 142231
   County Counsel, County of Santa Cruz
2  JASON M. HEATH, State Bar No. 180501
   Assistant County Counsel
3  701 Ocean Street, Room 505
   Santa Cruz, California 95060
4  Telephone: (831) 454-2049
   Fax: (831) 454-2115
5
6  **Attorney for Defendants County of Santa Cruz
   and Steve Robbins**
7
8                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ISAAC VALDIVIA, | Case No. C08 00916 JF |
| 12      Plaintiff, | **DEFENDANTS' ANSWER TO** |
| 13  v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| 14 | |
| 15  COUNTY OF SANTA CRUZ; STEVE | |
| 16  ROBBINS; TEN UNKNOWN CORRECTIONAL OFFICERS; TEN | |
| 17  UNKNOWN OTHER COUNTY EMPLOYEES, | |
| 18 | |
| 19      Defendants. | |

20

21

22         Defendants County of Santa Cruz and Steve Robbins (hereinafter "defendants") answer the

23  complaint of Isaac Valdivia (the "complaint") as follows:

24         1.  Answering the allegations in the first and second paragraphs of the complaint, defendants

25  admit that this Court has jurisdiction over this action and that this Court is the proper venue for this

26  action.

27         2.  Answering the allegations in the third paragraph of the complaint, defendants lack

28  sufficient information to admit or deny the allegations therein, and therefore deny them.

3.  Answering the allegations in the fourth paragraph of the complaint, defendants admit them.

4.  Answering the allegations in the fifth paragraph of the complaint, defendants admit the allegations in the first sentence.  Defendants admit the allegation in the second sentence that Robbins is as an agent of the County but deny the allegation that Robbins acted outside the course and scope of his employment with the County.  Defendants deny the allegations in the third sentence to the extent they presume that Robbins acted or failed to act in any respect with regard to plaintiff. Defendants object to the allegations in the fourth sentence on the grounds that they are vague, ambiguous, overly broad, and state a legal conclusion, and accordingly defendants deny them. Defendants admit the allegations in the fifth sentence of this paragraph.

5.  Answering the allegations in the sixth and seventh paragraphs of the complaint, defendants lack sufficient information to admit or deny the allegations, and on that basis deny them.

6.  Answering the allegations in the eighth, ninth, tenth, and eleventh paragraphs of the complaint, defendants neither admit them nor deny them, as there are no charging allegations against defendants in these paragraphs.

7.  Answering the allegations in the twelfth paragraph of the complaint, defendants neither admit nor deny the allegations in the first five sentences, as there are no charging allegations against defendants in these sentences.  Defendants deny the remaining allegations in this paragraph.

8.     Answering the allegations in the thirteenth paragraph of the complaint, defendants neither admit nor deny the allegations in the first two sentences, as there are no charging allegations against defendants in these sentences.  Defendants lack sufficient information to admit or deny the allegations in the remaining sentences of this paragraph, and on that basis deny them.

9.  Answering the allegations in the fourteenth paragraph of the complaint, defendants neither admit them nor deny them, as there are no charging allegations against defendants in this paragraph.

10.  Answering the allegations in the fifteenth paragraph of the complaint, defendants neither admit nor deny the allegations in the first and third sentences, as there are no charging allegations against defendants in these sentences.  Defendants lack sufficient information to admit or deny the allegations in the second sentence of this paragraph, and on that basis deny them.

11.  Answering the allegations in the sixteenth paragraph of the complaint, defendants neither admit nor deny the allegations in the first sentence, as there are no charging allegations against defendants in this sentence.  Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny them.

12.  Answering the allegations in the seventeenth paragraph of the complaint, defendants lack sufficient information to admit or deny them, and on that basis deny them.

13.  Answering the allegations in the eighteenth paragraph of the complaint, defendants deny the allegations in the first and last sentences.  Defendants lack sufficient information to admit or deny the allegations in the remaining sentences, and on that basis deny them.

14.  Answering the allegations in the nineteenth paragraph of the complaint, defendants lack sufficient information to admit or deny the allegations, and on that basis deny them.

15.  Answering the allegations in the twentieth, twenty-first, twenty-second, twenty-third, and twenty-fourth paragraphs of the complaint, defendants neither admit them nor deny them, as there are no charging allegations against defendants in that paragraph.

16.  Answering the allegations in the twenty-fifth paragraph of the complaint, defendants admit the allegations in the first and second sentences.  Defendants lack sufficient information to admit or deny the allegations in the third and fourth sentences and on that basis deny them. Defendants admit the allegations in the fifth and sixth sentences.  Defendants deny the allegations in the seventh sentence as phrased.

17.  Answering the allegations in the twenty-sixth paragraph of the complaint, defendants admit that plaintiff was re-housed to the main jail at his request.  Defendants deny the remaining allegations in this paragraph.

18.  Answering the allegations in the twenty-seventh paragraph of the complaint, defendants admit the allegations in the first sentence. Defendants deny the remaining allegations in this paragraph.

19.  Answering the allegations in the twenty-eighth paragraph of the complaint, defendants deny them.

20. Answering the allegations in the twenty-ninth paragraph of the complaint, defendants admit that plaintiff was placed in "M" unit. Defendants deny the remaining allegations in this paragraph.

21. Answering the allegations in the thirtieth paragraph of the complaint, defendants admit the allegations in the first sentence. Defendants deny the allegations in the remaining sentences of this paragraph.

22. Answering the allegations in the thirty-first paragraph of the complaint, defendants admit that plaintiff saw a doctor at both the jail and Dominican Hospital. Defendants deny the remaining allegations in this paragraph.

23. Answering the allegations in the thirty-second paragraph of the complaint, defendants admit that plaintiff was treated at Dominican Hospital for injuries. Defendants deny the remaining allegations in this paragraph.

24. Answering the allegations in the thirty-third paragraph of the complaint, defendants lack sufficient information to admit or deny them, and on that basis deny them.

25. Answering the allegations in the thirty-fourth paragraph of the complaint, defendants admit that plaintiff returned to the jail, that he thereafter requested medical care, and that he was provided with medical care in response to his requests. Defendants deny the remaining allegations in this paragraph.

26. Answering the allegations in the thirty-fifth paragraph of the complaint, defendants deny them.

27. Answering the allegations in the thirty-sixth paragraph of the complaint, defendants incorporate herein the information set forth in all paragraphs above.

28. Answering the allegations in the thirty-seventh, thirty-eighth, and thirty-ninth paragraphs of the complaint, defendants deny them.

29. Answering the allegations in the fortieth paragraph of the complaint, defendants incorporate herein the information set forth in all paragraphs above.

30. Answering the allegations in the forty-first and forty-second paragraphs of the complaint, defendants deny them.

31.  Answering the allegations in the forty-third paragraph of the complaint, defendants incorporate herein the information set forth in all paragraphs above.

32.  Answering the allegations in the forty-fourth, forty-fifth, forty-sixth, forty-seventh, and forty-eighth paragraphs of the complaint, defendants deny them.

## SEPARATE DEFENSES

**SEPARATE DEFENSE NO. 1**:  The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

**SEPARATE DEFENSE NO. 2**:  The complaint and each cause of action therein are barred by any applicable statute of limitations.

**SEPARATE DEFENSE NO. 3**:  The complaint, and each cause of action therein, is barred, and the court lacks jurisdiction over this matter, to the extent plaintiff failed to exhaust applicable administrative remedies.

**SEPARATE DEFENSE NO. 4**:  Defendants did not act with malicious intent and did not deprive plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

**SEPARATE DEFENSE NO. 5**:  Defendant Robbins is entitled to qualified immunity.  Defendant Robbins acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818.)

**SEPARATE DEFENSE NO. 6**:  Because the Complaint is couched in conclusory terms, answering defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter.  Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, defendants County of Santa Cruz and Steve Robbins pray as follows:

1.  That judgment be entered in favor of defendants and against plaintiff on the complaint as a whole, and each cause of action therein, and that plaintiff take nothing by way of the complaint;

1    2.  That the complaint, and each cause of action therein, be dismissed with prejudice;

2    3.  That defendants be awarded the costs, expenses and attorney fees incurred in this action;

3    and

4    4.  That the court grant such additional relief as it deems proper.

5    Dated:  September 2, 2008            DANA McRAE, COUNTY COUNSEL

6

7                                         By:  _____/s/_____
                                              JASON M. HEATH
8                                             **Assistant County Counsel**
                                              **Attorneys for Defendants County of Santa**
9                                             **Cruz and Steve Robbins**

10

11

12                      **<u>DEMAND FOR JURY TRIAL</u>**

13    Defendants County of Santa Cruz and Steve Robbins hereby demand a trial by jury in this

14    case.

15    Dated:  September 2, 2008            DANA McRAE, COUNTY COUNSEL

16

17                                         By:  _____/s/_____
                                              JASON M. HEATH
                                              **Assistant County Counsel**
18                                            **Attorneys for Defendants County of Santa**
                                              **Cruz and Steve Robbins**
19

20

21

22

23

24

25

26

27

28

Valdivia v. County of Santa Cruz, et al.                     Answer And Demand For Jury Trial
Case No. C08 00916 JF
                                    -6-